UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LYLE WILLIAMS,

    Plaintiff,

v.

    Case No. 11-CV-12601-DT

    HONORABLE DENISE PAGE HOOD

COUNTY OF OAKLAND, et al.,

    Defendants.
_____/

### ORDER DENYING EMERGENCY MOTION TO STAY EVICTION

**I.    BACKGROUND**

This matter is before the Court on Plaintiff Lyle William's Emergency Motion to Stay Eviction. Responses were filed by the Oakland County-related Defendants and by the State of Michigan. The State of Michigan indicates it has no position as to the motion since the relief sought only involves actions by Oakland County.

Williams requests a stay eviction proceedings from 367 South Telegraph, Pontiac, Michigan, until this matter can be adjudicated in front of a jury. Williams claims Defendants are proceeding with an auction of the property and removal of items without due process on August 16, 2011. Oakland County responds that Williams' request is essentially a motion for preliminary injunction and because Williams cannot prevail on the merits, an injunction should not be issued. A hearing was held on the matter.

Williams' Complaint for Money Damages cites: Deprivation of Constitutional Rights; Conspiracy to Deprive Plaintiff of Constitutional Rights, and Failure to Protect Plaintiff from Conspiracy to Deprive Plaintiff of his Constitutional Rights. Williams alleges that Defendants are attempting to take his property without due process or without just compensation. (Comp., ¶ 4) He

claims he has secured private property land with proper U.S. Patents, has lawful ownership of the property and Oakland County is extorting an unlawful and/or colorable debt that they have created out of "thin air." (Comp., ¶ 5) Williams claims that the State of Michigan has no Charter and therefore it has no authority to foreclose on the property. (Comp., ¶ 25) He asserts that the Northwest Ordinance Article 4 provides that no tax shall be imposed on lands. (Comp., ¶ 28) Williams claims that the land patent is the operating authority on the land and that the land cannot thereafter lawfully be taken for debt or taxes except by the willing grant of the landowner. (Comp., ¶ 45) Williams asserts he has no such contract with Defendants. (Comp., ¶ 45)Williams filed a Declaration of Assignees Update of Patent with the Oakland County Register of Deeds on March 21, 2011. (Ex. to Comp.) Williams also filed an Affidavit of Obligation of a Commercial Lien before the Oakland County Register of Deeds on February 25, 2011 indicating "Lyle-A: from the family of Williams a Sovereign Member of the Washitaw." (Ex. to Comp.) Williams seeks an order for Oakland County to cease and desist all attempts to enrich themselves by unlawfully acquiring private Citizens' property by force; damages in the amount of $20,000,000.00; and, entry of a restraining order against Defendants to stop the harassment or future crimes from taking place. (Comp., Relief)

      Oakland County claims that Williams failed to pay property taxes on his business located at 367 Telegraph Road for the years 2006, 2007 and 2008 to date. The Oakland County Treasurer has obtained two valid judgments of foreclosure on February 10, 2010 and then on February 16, 2011, entitling the Treasurer to obtain a transfer of the title of the parcel. Oakland County claims that Williams was informed by letters of March 11, 2010 and March 31, 2011 that the property was subject to foreclosure, transfer of title and land sale auction in 2011. Oakland County asserts it has

a valid title in the parcel and is entitled to proceed with a land sale by auction.

**II.     ANALYSIS**

The Court considers the motion as a Motion for Preliminary Injunction under Rule 65 of the Rules of Civil Procedures. Four factors must be balanced and considered before the Court may issue a preliminary injunction pursuant to Fed.R.Civ.P. 65(a): (1) the likelihood of the plaintiff's success on the merits; (2) whether the plaintiff will suffer irreparable injury without the injunction; (3) the harm to others which will occur if the injunction is granted; and (4) whether the injunction would serve the public interest. *In re Delorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985); *In re Eagle-Pitcher Industries, Inc.*, 963 F.2d 855, 858 (6th Cir. 1992); and *N.A.A.C.P. v. City of Mansfield, Ohio*, 866 F.2d 162, 166 (6th Cir. 1989). "None of these factors, standing alone, is a prerequisite to relief; rather, the court should balance them." *Golden v. Kelsey-Hayes Co.*, 73 F.3d 648, 653 (6th Cir. 1996). "Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Medical Examiners*, 225 F.3d 620, 625 (6th Cir. 2000).

The Court's review of the Complaint finds that Williams has no likelihood of success on the merits. Michigan's General Property Tax Act, M.C.L. 211.1 *et seq*. provides that all property, real and personal, within the jurisdiction of the state, not expressly exempted, shall be subject to taxation. M.C.L. 211.78g allows for foreclosure and forfeiture to the governmental taxing authority for failure to pay such taxes. Oakland County has established that two Judgments of Foreclosure have been entered against Williams for failure to pay taxes on the 367 S. Telegraph parcel. (Exs. A & B, Oakland County's Resp.) Pursuant to the Tax Injunction Act, 28 U.S.C. § 1341, "district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law

where a plain, speedy and efficient remedy may be had in the courts of such State." Final orders of foreclosure have been entered against Williams on the 367 S. Telegraph parcel for non-payment of property taxes. Oakland County has set forth the forfeiture laws in Michigan. Williams has not argued that Michigan's law does not provide adequate remedy to challenge the assessment or collection of real property taxes.

At the hearing, Williams asked the Court if it believed the Court had jurisdiction over Williams as a Washitaw member. The Court indicated that it was Williams who brought this action before the Court. Williams asserted that the United Nations indicated he did not have to pay taxes. Williams presented the Court a card which Williams was purportedly issued by the United Nations indicating Williams did not have to pay taxes. The Court reviewed the card finding that there is no indication that the United Nations issued the card.

The Court finds that Williams will not likely succeed on the merits based on Oakland County's arguments, this Court's review of the forfeiture laws in Michigan regarding failure to pay property taxes and Williams' Complaint. Williams' emergency motion to stay eviction is denied.

### III.   CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Plaintiff's Emergency Motion to Stay Eviction **(Doc. No. 7, filed July 21, 2011)** is DENIED.

s/Denise Page Hood<br>
United States District Judge

Dated:  August 12, 2011

I hereby certify that a copy of the foregoing document was served upon Lyle Williams at 9052 Ortonville Road, Clarkston, MI 48348 & 367 S. Telegraph, Pontiac, MI 48341 and counsel of record on August 12, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry<br>
Case Manager