**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

LYLE WILLIAMS,

    Plaintiff,

v.

    Case No. 11-CV-12601-DT

    HONORABLE DENISE PAGE HOOD

COUNTY OF OAKLAND, STATE OF
MICHIGAN, OAKLAND COUNTY
TREASURER, ANDREW E. MEISNER,
JOHN DOES, WILLIAM O. WANDRIE,
DAVID F. BOWEN, GEORGE GARZA,
DIANE ROARK and JOHN DOE,

    Defendants.

_____/

**OPINION AND ORDER REGARDING VARIOUS DISPOSITIVE MOTIONS
and
ORDER DISMISSING ACTION**

**I.    BACKGROUND**

On June 16, 2011, Plaintiff Lyle Williams, proceeding *pro se,* filed a Complaint for Money Damages alleging: Deprivation of Constitutional Rights; Conspiracy to Deprive Plaintiff of Constitutional Rights, and Failure to Protect Plaintiff from Conspiracy to Deprive Plaintiff of his Constitutional Rights. Williams alleges that Defendants are attempting to take his property without due process or without just compensation. (Comp., ¶ 4) He claims he has secured private property land with proper U.S. Patents, has lawful ownership of the property and Oakland County is extorting an unlawful and/or colorable debt that they have created out of "thin air." (Comp., ¶ 5) Williams claims that the State of Michigan has no Charter and therefore it has no authority to foreclose on the property. (Comp., ¶ 25) He asserts that the Northwest Ordinance Article 4 provides that no tax shall be imposed on lands. (Comp., ¶ 28) Williams claims that the land patent is the operating authority

on the land and that the land cannot thereafter lawfully be taken for debt or taxes except by the willing grant of the landowner. (Comp., ¶ 45)  Williams asserts he has no such contract with Defendants. (Comp., ¶ 45)

Williams filed a Declaration of Assignees Update of Patent with the Oakland County Register of Deeds on March 21, 2011.  (Ex. to Comp.)  Williams also filed an Affidavit of Obligation of a Commercial Lien before the Oakland County Register of Deeds on February 25, 2011 indicating "Lyle-A: from the family of Williams a Sovereign Member of the Washitaw." (Ex. to Comp.)  Williams seeks an order for Oakland County to cease and desist all attempts to enrich themselves by unlawfully acquiring private Citizens' property by force; damages in the amount of $20,000,000.00; and, entry of a restraining order against Defendants to stop the harassment or future crimes from taking place. (Comp., Relief)

On August 12, 2011, after a hearing on the matter, the Court entered an Order Denying Williams' Motion to Stay Eviction.  This matter is before the Court on Defendant State of Michigan's Motion to Dismiss filed on July 15, 2011.  No response to the motion has been filed to date by Williams.  A hearing was held on this motion on October 18, 2011.  Williams did not appear at the hearing.

Also before the Court is the a Motion for Summary Judgment filed on August 30, 2011 by Defendants County of Oakland, Oakland County Treasurer, Andrew E. Meisner, William O. Wandrie, David F. Bowen, George Garza and Diane Roark (collectively, "Oakland County Defendants").  No response was filed to the motion.

Williams filed a document entitled "Motion to Dismiss" on October 17, 2011 which contained no substantive arguments.  Both of these motions were heard on November 16, 2011 and

the parties appeared at the hearing.

## II.     ANALYSIS

### A.     State of Michigan's Motion to Dismiss

#### 1.     Standard of Review

The State of Michigan moves for dismissal under Rule 12(b), but does not indicate under which subsection it seeks to dismiss the case.

Rule 12(b)(1) provides for a motion to dismiss for lack of jurisdiction over the subject matter of the claim. In order to defeat a motion under 12(b)(1), the plaintiff must show only that the complaint alleges a claim under federal law, and that the claim is "substantial." A federal claim is substantial unless "prior decisions inescapably render [it] frivolous." *Transcontinental Leasing, Inc. v. Michigan National Bank of Detroit*, 738 F.2d 163, 165 (6th Cir. 1984). In short, when faced with a 12(b)(1) challenge to the face of a complaint, the plaintiff can survive the motion by showing any arguable basis in law for the claim made. *Musson Theatrical v. Federal Express Corp.*, 89 F.3d 1244, 1248 (1996).

Rule 12(b)(6) of the Rules of Civil Procedure provides for a motion to dismiss based on failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), the Supreme Court explained that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] Factual allegations must be enough to raise a right to relief above the speculative level...." *Id.* at 555 (internal citations omitted). Although not outright overruling the "notice pleading" requirement under Rule 8(a)(2) entirely, *Twombly* concluded that the "no set of facts" standard "is best forgotten

3

as an incomplete negative gloss on an accepted pleading standard." *Id.* at 563.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* at 557. Such allegations are not to be discounted because they are "unrealistic or nonsensical," but rather because they do nothing more than state a legal conclusion–even if that conclusion is cast in the form of a factual allegation." *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S.Ct. 1937, 1951, 173 L.Ed.2d 868 (2009).  In sum, for a complaint to survive a motion to dismiss, the non-conclusory "factual content" and the reasonable inferences from that content, must be "plausibly suggestive" of a claim entitling a plaintiff to relief.  *Id.*  Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show [n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).  The court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001).

### 2.     **Eleventh Amendment**

The State of Michigan moves to dismiss under the Eleventh Amendment of the United States Constitution which provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

The Eleventh Amendment prohibits private citizens from bringing suit against a state or state agency in federal court. *Alabama v. Pugh,* 438 U.S. 781 (1978). There are two exceptions to this rule. First, a state may waive its immunity and agree to be sued in federal court. *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100 (1984). Second, a state may be sued in federal court where Congress specifically abrogates the state's immunity pursuant to a valid grant of Constitutional power. *See Alden v. Maine*, 527 U.S. 706 (1999); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44 (1996). The Eleventh Amendment immunity has been interpreted to act as a constitutional bar to suits against the state in federal court unless immunity is specifically overridden by an act of Congress or unless the state has consented to suit. *Thiokol Corp. v. Dep't of Treasury, State of Michigan*, 987 F.2d 376, 381 (6th Cir. 1983).

As noted above, Williams filed no response to the State of Michigan's motion. A review of the Complaint shows that Williams is unable to overcome the Eleventh Amendment immunity argued by the State of Michigan. The State of Michigan has not agreed to be sued under any of the claims alleged by Williams. It also does not appear on the Complaint that Williams seeks any prospective injunctive or declaratory relief as to the State of Michigan. The Complaint does not allege any facts regarding how the State of Michigan violated any alleged trademark under 15 U.S.C. § 1122 or the Americans with Disabilities Act under 42 U.S.C. § 12202.

If Williams was attempting to allege a claim against the State of Michigan under 42 U.S.C. § 1983, the Complaint has failed to do so. "To successfully state a claim under 42 U.S.C. § 1983, a plaintiff must identify a right secured by the United States Constitution and the deprivation of that

5

right by a person acting under color of state law." *Russo v. City of Cincinnati*, 953 F.2d 1036 (6th Cir. 1992). A plaintiff must show that each named defendant was personally involved in the activity that forms the basis of the complaint. *Rizzo v. Goode,* 423 U.S. 362 (1976). The State of Michigan is not a person under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64-66 (1989). Williams' Complaint fails to allege that the State of Michigan is liable under 42 U.S.C. § 1983.

As to Williams' citation of Title 18 of the United States Code, this Title governs criminal actions. The decision to initiate a criminal prosecution falls within the discretion of the United States Attorney General or the United States Attorney. *Peek v. Mitchell,* 419 F.2d 575, 577 (6th Cir. 1970). Williams has no authority to initiate any criminal prosecution in this case.

The State of Michigan's Motion to Dismiss is granted under the Eleventh Amendment and for failure to state a claim upon which relief may be granted.

### B. Oakland County Defendants' Motion for Summary Judgment

#### 1. Summary Judgment Standard

The Oakland County Defendants move for summary judgment in their favor and dismissing the claims against them filed by Williams. Rule 56(c) of the Rules of Civil Procedures provides that summary judgment should be entered only where "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The presence of factual disputes will preclude granting of summary judgment only if the disputes are genuine and concern material facts. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" only if "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." *Id*. Although the Court must view the motion in the light most favorable to the nonmoving party, where "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). If, after sufficient opportunity for discovery, the non-moving party cannot meet that burden, summary judgment is clearly proper. *Celotex Corp.,* 477 U.S. at 322-23. Summary judgment must be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex Corp.*, 477 U.S. at 322-23. A court must look to the substantive law to identify which facts are material. *Anderson*, 477 U.S. at 248.

### 2. Claims under Section 1983 and other Federal Statutes

The Oakland County Defendants argue that they are entitled to dismissal of any claims under Section 1983 or under the federal statutes asserted by Williams.

"To successfully state a claim under 42 U.S.C. § 1983, a plaintiff must identify a right secured by the United States Constitution and the deprivation of that right by a person acting under color of state law." *Russo v. City of Cincinnati,* 953 F.2d 1036 (6th Cir. 1992). The following requirements must be met: (1) the conduct at issue must have been under color of state law; (2) the conduct must have caused a deprivation of constitutional rights; and (3) the deprivation must have occurred without due process of law. *Nishiyama v. Dickson County,* 814 F.2d 277, 279 (6th Cir.

1987). As § 1983 is not itself a source of substantive rights, and only a method for vindicating federal rights elsewhere conferred, a plaintiff must set forth specific constitutional grounds for asserting a § 1983 claim. *Graham v. Connor,* 490 U.S. 386, 393-94 (1989); *Baker v. McCollan,* 443 U.S. 137, 144 n. 3 (1979). A plaintiff must show that each named defendant was personally involved in the activity that forms the basis of the complaint. *Rizzo v. Goode,* 423 U.S. 362 (1976). The County of Oakland is not a person under 42 U.S.C. § 1983. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 64-66 (1989).

In order for a municipality to be liable under Section 1983 there must be some evidence that "execution of [the] government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). "[A] municipality cannot be held liable solely because it employs a tortfeasor-or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* at 691. Generally, the doctrine of *respondeat superior* has no application in a § 1983 claim absent an allegation that the defendants were following the government's policies or customs. *Dunn v. Tennessee*, 697 F.2d 121, 128 (6th Cir. 1982). Rather, "the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution." *Monell,* 436 U.S. at 690. The Supreme Court has indicated that "municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances." *Pembaur v. City of Cincinnati,* 475 U.S. 469, 480 (1986). However, "an 'official policy' is one adopted by someone with 'final authority to establish municipal policy *with respect to the action ordered.*' " *Hull v. Cuyahoga Valley Joint Vocational Sch. Dist. Bd. of Educ.,* 926 F.2d 505, 515 (6th Cir.1991) (quoting *Pembaur,* 475 U.S.

at 481) (emphasis added). In other words, "[l]iability for unauthorized acts is personal; to hold the municipality liable, *Monell* tells us, the agent's action must implement rather than frustrate the government's policy." *Id.* A municipal employee is not a "final policymaker" unless his decisions "are final and unreviewable and are not constrained by the official policies of superior officials." *Feliciano v. City of Cleveland,* 988 F.2d 649, 655 (6th Cir.1993).

Williams filed no response to the Oakland County Defendants' motion. Williams' Complaint against the individual Oakland County Defendants fails to state a constitutional violation under Section 1983. Williams' Complaint also fails to state a constitutional claim against Oakland County. The Oakland County Defendants are entitled to summary judgment on any Section 1983 claim alleged by Williams.

The Complaint does not allege any facts regarding how these Defendants violated any alleged trademark under 15 U.S.C. § 1122 or the Americans with Disabilities Act under 42 U.S.C. § 12202. As to Williams' citation of Title 18 of the United States Code, this Title governs criminal actions. The decision to initiate a criminal prosecution falls within the discretion of the United States Attorney General or the United States Attorney. *Peek,* 419 F.2d at 577. Williams has no authority to initiate any criminal prosecution in this case against any of the Oakland County Defendants.

Based on the above, the Court finds that Williams' federal constitutional claims and other federal statutory claims against the Oakland County Defendants must be dismissed.

### 3. State Law Claims

The Oakland County Defendants assert they are entitled to governmental immunity on any state law claims because they were discharging a governmental function.

9

A governmental agency is immune from tort liability if the governmental agency is engaged in the exercise or discharge of a governmental function. M.C.L. § 691.1407(1). An employee of a governmental agency acting within the scope of his or her authority is immune from tort liability, including negligence torts, unless the employee's conduct amounts to gross negligence that is the proximate cause of the injury. M.C.L. § 691.1407(2);*Robinson v. Detroit,* 462 Mich. 439, 462 (2000).

This Court's review of the Complaint shows that Williams' allegations stem from the Oakland County Defendants' acts in connection with the Oakland County's authority to tax Williams' property at issue. Oakland County is entitled to immunity as a governmental agency under M.C.L. § 691.1407(1). The individual Oakland County Defendants are also entitled to governmental immunity since Williams has not shown that they were acting outside of their scope of their authority as employees of Oakland County. M.C.L. § 691.1407(2).

The state law claims against the Oakland County Defendants must be dismissed for the reasons set forth above.

### C. Rule 11 Sanctions

In their Motion for Summary Judgment, the Oakland County Defendants move for sanctions against Williams pursuant to Rule 11(b) of the Rules of Civil Procedures. Rule 11(c) provides that "[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." The safe harbor provision under Rule 11 provides that the motion must be served as required under Rule 5, but it must not be filed with the Court until 21 days after service. Fed. R. Civ. P. 11(c)(2).

The Oakland County Defendants did not file the requested Rule 11 sanctions in a separate

motion, but included the request for sanctions in their Motion for Summary Judgment. Such inclusion is prohibited by the rule. In addition, there is no indication that the Oakland County Defendants followed the safe harbor provision under Rule 11 by serving the request for sanctions 21 days prior to filing the motion with the Court. Accordingly, the request for Rule 11 sanctions is denied.

### D. Plaintiff's Motion to Dismiss

Williams filed a Motion to Dismiss on October 17, 2011. Williams' Motion to Dismiss does not set forth any arguments to support his request. Likely he is seeking a voluntary dismissal under Fed. R. Civ. P. 55. However, given that Defendants filed their motions before Williams filed his motion with no support, the Court has addressed the Defendants' motions on the merits. The Court finds Williams' Motion to Dismiss is therefore moot.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the State of Michigan's Motion to Dismiss **(Doc. No. 5, filed July 15, 2011)** is GRANTED. The claims against the State of Michigan are DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Defendants County of Oakland, Oakland County Treasurer, Andrew E. Meisner, William O. Wandrie, David F. Bowen, George Garza and Diane Roark **(Doc. No. 15, filed August 30, 2011)** is GRANTED. The claims against these Defendants are DISMISSED with prejudice.

IT IS FURTHER ORDERED that John Does and John Doe (Husband of Diane Roark) are DISMISSED for failure to identify and serve these Defendants.

IT IS FURTHER ORDERED that Plaintiff's Motion to Dismiss **(Doc. No. 17, filed October**

**17, 2011)** is DENIED AS MOOT.

      IT IS FURTHER ORDERED that this action is DISMISSED.



                                  S/Denise Page Hood
                                  Denise Page Hood
                                  United States District Judge

Dated: November 30, 2011

I hereby certify that a copy of the foregoing document was served upon Lyle Williams, 9052 Ortonville Road, Clarkston, MI 48348 and counsel of record on November 30, 2011, by electronic and/or ordinary mail.

                                  S/LaShawn R. Saulsberry
                                  Case Manager